UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HANNABLE MCDUFF,

    Plaintiff,

v.

PATRICIA WILLARD, et al.,

    Defendants.
_____/

Case No. 1:22-cv-20

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Lori Blue, Jennifer Meyer, S. Smoyer, and Rosemary Villasan filed a motion for summary judgment for failure to exhaust administrative remedies (ECF No. 46). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (ECF No. 63), recommending that the motion be granted and Plaintiff's claims against Defendants Meyer, Blue, Villasan, and Smoyer be dismissed without prejudice. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff raises several objections to the R&R. He first argues that the Magistrate Judge erred in focusing on his Step I grievances and not considering his grievances at Step II and Step III or any grievance response. He next argues that the Magistrate Judge erred in failing to address *Mattox v. Edelman*, 851 F.3d 583 (6th Cir. 2017). He also contends that the Magistrate Judge

erred in determining that Plaintiff was required to name each Defendant in his Step I grievance. Finally, Plaintiff argues that the Magistrate Judge applied the incorrect summary judgment standard.

Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  The Magistrate Judge carefully reviewed the four grievances at issue. Despite naming several individuals in each grievance at Step I, Plaintiff failed to identify Defendants Meyer, Blue, Villasan, and Smoyer.  The Magistrate Judge correctly determined that the MDOC Policy Directive requires prisoners to name or identify in their Step I grievance the individual against whom the grievance is asserted.  *See* MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).  The Court agrees with the Magistrate Judge that "[p]rison officials had no way of knowing that Plaintiff would later seek to sue persons not named or identified in his grievance" (ECF No. 63 at PageID.475).  Plaintiff's arguments to the contrary are without merit.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 65) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 63) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Meyer, Blue, Villasan, and Smoyer's Motion for Summary Judgment (ECF No. 46) is GRANTED.  Plaintiff's claims against Defendants Meyer, Blue, Villasan, and Smoyer are DISMISSED WITHOUT PREJUDICE.

Dated:  October 2, 2023      /s/ Janet T. Neff
                             JANET T. NEFF
                             United States District Judge