UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HANNABLE MCDUFF,

    Plaintiff,

v.

    Case No. 1:22-cv-20

    HON. JANET T. NEFF

BARBARA ANDERSON, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Barbara Anderson, Nathen Mikel, John Quiglly, Taylor Schwartz, Unknown Sobieralski filed a motion for summary judgment (ECF No. 143). Defendant Mary Schultz filed a separate motion for summary judgment (ECF No. 146). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) on June 3, 2024, recommending that Defendants' motions be granted (ECF No. 173). On the same day, the Magistrate Judge also issued an Order (ECF No. 172), addressing several of Plaintiff's motions.

    On June 27, 2024, the Court received Plaintiff's objections to the R&R. (ECF No. 174). On July 1, 2024, the Court received Plaintiff's objections to the Order (ECF No. 175) and Plaintiff's "Motion of Excusable Neglect" (ECF No. 176). Defendants responded (ECF Nos. 178, 179, and 181). For the reasons stated below, Plaintiff's objections are denied.

I.      Timeliness

Before addressing the merits of the objections, the Court will address whether the objections were timely. The Magistrate Judge issued the Order and R&R on June 3, 2024. Any objection was due fourteen days of the date of service. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy."). Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure provides that service is complete upon mailing. Rule 6(d) of the Federal Rules of Civil Procedure provides an additional three days to the time limit when service is made by mail.

The docket sheet shows that the Order and R&R were mailed to Plaintiff on June 4, 2024. Thus, Plaintiff had until June 21, 2024 to file any objection. Even giving Plaintiff the benefit of the mailbox rule, Plaintiff did not give either objection to a prison official until at least June 27, 2024. Therefore, Plaintiff's objections are untimely.

Plaintiff argues that his objections to the R&R are timely because he did not receive the R&R in the mail until June 10, 2024. To his credit, Plaintiff acknowledges that his objections to the Magistrate Judge's Order were untimely. He says that the delay was caused by a "supply shortage" (ECF No. 176 at PageID.1747).

The Court has reviewed the record. Whether Plaintiff demonstrated good cause or excusable neglect to extend the time to file objections is a close call. *See* FED. R. CIV. P. 6(b). He swore under penalty of perjury that he did not receive the Order and R&R until June 10, 2024 (ECF No. 176 at PageID.1747; PageID.1749). However, he does not fully explain the "supply

shortage" argument. Despite the apparent timeliness issues, the Court will rule on the merits of the objections.

## II. Objections to Order

Plaintiff objects to the Magistrate Judge's June 3, 2024 Order. This Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a). A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). And "[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.,* 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted).

In the Order, the Magistrate Judge denied three of Plaintiff's motions to compel; granted in part and denied in part one of Plaintiff's motions to compel; and denied Plaintiff's Rule 11 sanction motions. Plaintiff has not shown any ruling was based on a clearly erroneous factual finding or contrary to law. With respect to the motions to compel, the Magistrate Judge correctly found that Plaintiff's discovery requests were vague, ambiguous, and sought irrelevant information. Furthermore, the Court discerns no error in the denial of Plaintiff's Rule 11 sanction motions. Accordingly, Plaintiff's objections to the Magistrate Judge's June 3, 2024, Order are denied.

3

### III.     Objections to R&R

Plaintiff also objects to the Magistrate Judge's June 3, 2024, R&R. A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).  An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentions," is insufficient to permit review of the magistrate judge's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Here, Plaintiff's objections are confusing and difficult to sort through. Several of his purported objections are not specific. His primary objection is that the Magistrate Judge erred in finding that Plaintiff received some medical treatment as opposed to a complete denial of medical treatment. The Court discerns no error in the Magistrate Judge's analysis or conclusion.  The Magistrate Judge provided a lengthy summary of the medical treatment Plaintiff received (ECF No. 173 at PageID.1693-1696; PageID.1700-1708).  Plaintiff disagrees with the treatment, but the record establishes that he was not completely denied care. As the Magistrate Judge correctly points out, Plaintiff was seen by several medical professionals. Unfortunately for Plaintiff, many of the tests provided by Defendants produced inconclusive test results.

Plaintiff next argues that the Magistrate Judge violated the "law-of-the-case doctrine."  To support this argument, Plaintiff cites the Magistrate Judge's R&R denying a Rule 12(b)(6) motion to dismiss. However, Defendants correctly point out that the legal standards under Rule 12 and Rule 56 are very different.  The rulings in the Magistrate Judge's prior R&R on a motion to dismiss have little significance at the summary judgment stage.

Plaintiff's remaining objections and arguments target specific Defendants. These arguments are largely the same arguments that Plaintiff made before the Magistrate Judge. "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.,* 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). Plaintiff's arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge properly analyzed Plaintiff's claims. The Court concludes that Defendants' motions for summary judgment must be granted, for the reasons detailed in the R&R of the Magistrate Judge.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF Nos. 174 and 175) are DENIED.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 173) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (ECF No. 143 and 146) are GRANTED.

5

**IT IS FURTHER ORDERED** that Plaintiff's "Motion of Excusable Neglect" (ECF No. 176) is DISMISSED as MOOT.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: September 9, 2024                              /s/ Janet T. Neff
                                                                                   JANET T. NEFF
                                                                                   United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HANNABLE MCDUFF,

    Plaintiff,

v.

    Case No. 1:22-cv-20

    HON. JANET T. NEFF

BARBARA ANDERSON, et al.,

    Defendants.
_____/

## JUDGMENT

In accordance with the Opinion and Order entered this date:

**IT IS HEREBY ORDERED** that Judgment is entered in favor of Defendants and against Plaintiff.

Dated: September 9, 2024        /s/ Janet T. Neff
      JANET T. NEFF
      United States District Judge